Mr. Justice GRIER
delivered the opinion of the court.
After the. observations made in the preceding and principal ■case, it is not necessary to make further remarks on the art of extending patents. It may be ranked “ inter ingenuas artes,” and may have the claim of novelty, if not of usefulness.
In this ease, the invention of Taylor was the application of pressure by means of rollers, with a contrivance to give them the reciprocating motion necessary to this process of hardening. He was not the inventor of the conical cover used in hardening hat-bodies formed on a cone, nor of rubbing them by a reciprocating motion, but merely of a certain combination of devices to produce a certain effect. Both the operation and the result were well known, and the invention consisted only of the devices combined to perform the operation and produce the result. It was open to every other person to make any other combination of devices to perform the operation, which was not a mere colorable adoption of the patentee’s combination. The original specification of Taylor is drawn with sufficient care and *581 judgment to cover all the patentee knew he had invented, and the whole machine as described therein.
A comparison of the devices used in the two machines would be unintelligible without models or drawings. The Taylor patent is but for a form, or rather a combination of known devices, to perform a certain operation and produce a certain desirable effect. The combination used by Boyden is not a mere colorable or substantial adoption of the same combination of devices. It has as much claim to originality as that of Taylor; but it has a vibrating conea\e surface of cloth, pressing against the cone. Accordingly, the reissued patent to Taylor, or rather to Burr, got up after an examination of Boyden’s machine, contained this interpolation in the description of his invention, “ A vibrating eon-cave surface held by pressure,” &c., &c.; and the claim extended to •the “ combination of a vibrating concave surface;” then follow the words, “ substantially as described.” In a contest with a previous patent, the last words can be called in to qualify the first, and narrow it down to the peculiar combination of devices described; while, in assaulting a new combination, for the purpose of suppressing it, the claim may be stretched to cover every machine having a “ concave vibrating surface,” by calling all the other parts “ equivalents.”
It is plain that this interpolation of an abstract generalization, to render the specific description of the concrete machine more elastic, was suggested by an examination of the Boyden machine. If the same construction be given to the claim of Taylor, as it would necessarily invoke in a contest with preceding inventions, to save it from the charge of being too broad, the Boyden machine would be properly pronounced as no infringement : on the contrary, such a construction of it as would include the Boyden machine, would make it void for being too broad. It matters little on which horn of this dilemma the case be put, the result must necessarily be the same.
Decree aepirmed with costs.